**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

Amanda Justen,

   Plaintiff,

  v.

McHenry County Jail,

   Defendant.

Case No.: 25-cv-50490

Judge Iain D. Johnston

**OPINION AND ORDER**

Plaintiff Amanda Justen improperly named the McHenry County Jail as the defendant in her initial complaint. Dkt. 1. She then properly named McHenry County as the defendant in her amended complaint. Dkt. 21. She alleges that McHenry County discriminated against her on the basis of sex and retaliated against her in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., when the County revoked her security clearance after she complained about sexual harassment allegedly perpetrated by an inmate at the McHenry County Jail. *Id.* For the reasons that follow, her complaint is dismissed without prejudice.

### I. Background

The Court is familiar with Justen's allegations based on the case she filed against Wellpath, a provider of healthcare services to inmates detained in prisons and jails. *Justen v. Wellpath LLC*, No. 24-cv-50310, 2025 U.S. Dist. LEXIS 190214 (N.D. Ill. Sep. 26, 2025). The Court largely dismissed that action. *Id.* at *6.

1

Justen worked at the McHenry County Jail for over three years until her security clearance was suspended and she was removed from the Jail on September 21, 2021. Before that date, Justen learned that a male lieutenant had dismissed incidents of alleged inmate sexual harassment as non-sexual. After she complained about the Jail's failure to investigate the incidents, negative reports were placed in her personnel file. McHenry County Jail then revoked her security clearance, and Justen subsequently was terminated.

## II.    Legal Standard

A Rule 12(b)(6) motion to dismiss challenges the "sufficiency of the complaint." *Berger v. Nat. Collegiate Athletic Assoc.*, 843 F.3d 285, 289-90 (7th Cir. 2016). A complaint is sufficient if it contains enough factual allegations, accepted as true, sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

Although a court must accept factual allegations as true, it doesn't need to accept conclusory allegations or legal conclusions. *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). Documents attached to the complaint are considered part of the complaint itself. *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 764

(7th Cir. 2010), *as amended* (Dec. 16, 2010). *Pro se* complaints are interpreted liberally. *Sause v. Bauer*, 585 U.S. 957, 960 (2018).

### III.   Analysis

Title VII prohibits employers from discriminating on the basis of sex. 42 U.S.C §§ 2000e et seq. Only employers are liable under Title VII. *Love v. JP Cullen & Sons, Inc.*, 779 F.3d 697, 701 (7th Cir. 2015). Liability extends to joint, indirect, or de facto employers. *Id.* at 700-01. The existence of an employer-employee relationship turns on the level of control exercised by the employer and the economic realities of the parties' relationship. *Id.* at 702. Courts consider five factors:

> (1) the extent of the employer's control and supervision over the worker, including directions on scheduling and performance of work, (2) the kind of occupation and nature of skill required, including whether skills are obtained in the workplace, (3) responsibility for the costs of operation, such as equipment, supplies, fees, licenses, workplace, and maintenance of operations, (4) method and form of payment and benefits, and (5) length of job commitment and/or expectations.

*Knight v. United Farm Bureau Mut. Ins. Co.,* 950 F.2d 377, 378-79 (7th Cir. 1991).

An "employer's right to control is the most important" factor and it must be afforded the most weight. *Frey v. Coleman*, 903 F.3d 671, 676 (7th Cir. 2018) (quoting *Knight*, 950 F.2d at 378). The power to hire and fire an employee is the key right within this factor. *Nischan v. Stratosphere Quality, LLC*, 865 F.3d 922, 928 (7th Cir. 2017).

Justen's complaint doesn't allege that McHenry County had the power to hire or fire her. It contains no allegations indicating that McHenry County controlled her work as a nurse at all. *See Bronson v. Ann & Robert H. Lurie Children's Hosp. of*

*Chicago*, 69 F.4th 437, 449 (7th Cir. 2023) (holding hospital didn't qualify as teacher's employer even though hospital "exercised control over Bronson's access both to those premises and to the hospital's patients and their medical information, and Lurie took steps to ensure that she was familiar and compliant with hospital rules and policies, including those related to patient privacy."). McHenry County didn't train her as a nurse. Without more, the mere fact that Justen performed her work at a location under McHenry County's control is insufficient to establish an employer-employee relationship. *Id.* at 450. Justen's complaint doesn't include enough factual content for the Court to infer that McHenry County employed her.

However, in another line of cases, the Seventh Circuit has decided that a putative employer may qualify as a *de facto* employer if it has control over the "those specific aspects of his employment related to the subject of his suit." *Harris v. Allen Cnty. Bd. of Comm'rs*, 890 F.3d 680, 686 (7th Cir. 2018). In an uncited but controlling opinion, the Seventh Circuit described a hypothetical situation potentially analogous to Justen's:

> Suppose the employee of an accounting firm is assigned for a substantial period of time to the premises of the firm's client for the purpose of conducting an audit of the client's inventory and financial records, and she experiences severe or pervasive sexual harassment from the client's employees, of which she complains to the client and the accounting firm to no avail. In that scenario, there would be little question as to who the plaintiff's employer was in the usual sense: the accounting firm hired her and had the right to fire her; it paid her; and it controlled the substantive aspects of her work as an auditor wherever she performed it. And that firm, which could both admonish (and even terminate its relationship with) the client and/or remove its employee from the hostile environment, might bear some responsibility to her for the uncorrected harassment. But for the duration of the audit, it was the client who controlled the conditions of the plaintiff's day-to-day work environment. Thus, one might also plausibly argue that the

4

client, which had direct control over the premises and the employees who perpetrated the harassment, ought to be treated as the plaintiff's *de facto* employer for the specific and limited purpose of a hostile environment claim.

*Bronson*, 69 F.4th at 450-51.

This theory is distinct from the control theory because "one focuses on whom the plaintiff works for in real terms and the other looks at who was responsible for the particular work conditions that gave rise to her claim of discrimination, irrespective of who hired her, paid her, and controlled the substance of her day-to-day work." *Id.* at 452.

Justen acknowledges that McHenry County has a policy requiring the investigation of sexual harassment. She makes the non-conclusory allegation that "failure to properly investigate sexual harassment complaints against female employees is a custom or practice at the Jail, as shown by the dismissal of my complaints despite the General Orders requiring investigation." This statement still isn't enough. Justen must plead sufficient factual content linking McHenry County's control to any alleged misconduct. Without such allegations, Justen's complaint must be dismissed.

### IV. Leave to Amend

McHenry County urges the Court to dismiss Justen's complaint with prejudice. The Federal Rules of Civil Procedures direct a Court to freely give leave to amend a complaint "when justice so requires." Fed. R. Civ. P. 15. It's appropriate to deny leave to amend if amendment would be futile. *Arreola v. Godinez,* 546 F.3d 788, 796 (7th Cir. 2008). But "[u]nless it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted, the district court

should grant leave to amend after granting a motion to dismiss." *O'Boyle v. Real Time Resols., Inc.*, 910 F.3d 338, 347 (7th Cir. 2018) (quoting *Barry Aviation v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004)). Dismissal with prejudice is inappropriate at this point given that Justen could plausibly plead facts sufficient to state a claim.

### V.   Conclusion

McHenry County's motion to dismiss is granted without prejudice. By July 24, 2026, Justen must file an amended complaint or the dismissal will convert to one with prejudice without further notice.

Entered: June 26, 2026                    By: _____

                                          Iain D. Johnston
                                          U.S. District Judge

6